# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL PHILLIP, CDCR # AB8595,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT F. O'NEILL, MELISSA VASEL, CRAIG LEFF, PAUL HOLMAN, RUDY CASTRO AND SAN DIEGO COUNTY SHERIFF DEPARTMENT,<br><br>Defendants. | Civil No.   10cv0949 JAH (BGS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed certified copy of his Inmate Trust Account statement which the Court liberally construes to be a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

1 | 27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
2 | 2000) (§ 1915A).

3 |       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
4 | dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28
5 | U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
6 | make and rule on its own motion to dismiss before directing that the Complaint be served by the
7 | U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,
8 | but requires a district court to dismiss an in forma pauperis complaint that fails to state a
9 | claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
10 | § 1915A).

11 |       "[W]hen determining whether a complaint states a claim, a court must accept as true all
12 | allegations of material fact and must construe those facts in the light most favorable to the
13 | plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
14 | "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even
15 | presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state
16 | a claim upon which relief can be granted and seeks monetary relief from defendants who are
17 | immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213
18 | F.3d at 446, n.1.

19 |       First, Plaintiff names Craig J. Leff, the attorney appointed to represent him during his
20 | criminal proceedings, as a Defendant. However, a person "acts under color of state law [for
21 | purposes of § 1983] only when exercising power 'possessed by virtue of state law and made
22 | possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County*
23 | *v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326
24 | (1941)). Attorneys appointed to represent a criminal defendant during trial, do not generally act
25 | under color of state law because representing a client "is essentially a private function ... for
26 | which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States*
27 | *v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed counsel
28 | are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses,

1 presenting evidence at trial and arguing to the jury, they do not act under color of state law for
2 section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454
3 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding
4 that public defender was not a state actor subject to suit under § 1983 because, so long as he
5 performs a traditional role of an attorney for a client, "his function," no matter how ineffective,
6 is "to represent his client, not the interests of the state or county.").

7        Accordingly, Plaintiff's claims against Defendant Leff must be dismissed for failing to
8 state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)
9 & 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

10        Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the
11 alleged ineffectiveness assistance of his trial and appellate counsel, his claim amounts to an
12 attack on the validity of his underlying criminal proceedings, and as such, is not cognizable
13 under 42 U.S.C. § 1983 unless and until he can show that conviction has already been
14 invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850,
15 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted
16 available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at
17 489), *cert. denied*, 124 S. Ct. 2388 (2004). *Heck* holds that "in order to recover damages for
18 allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions
19 whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must
20 prove that the conviction or sentence has been reversed on direct appeal, expunged by executive
21 order, declared invalid by a state tribunal authorized to make such determination, or called into
22 question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.
23 A claim challenging the legality of a conviction or sentence that has not been so invalidated is
24 not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).
25 / / /
26 / / /
27 / / /
28 / / /

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims against Leff "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that Defendant Leff rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

Moreover, Plaintiff's names San Diego Superior Court Judge Robert F. O'Neill as a Defendant who appears to have presided over his criminal proceedings. To the extent Plaintiff seeks damages under § 1983 against Judge O'Neill for allegedly violating his constitutional rights during his criminal proceedings, this Defendant is entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge

is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Thus, Plaintiff's claims against Defendant O'Neill are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a Defendant who is immune from such relief without leave to amend.

Finally, the Court must dismiss Plaintiff's claims for money damages against Defendant Vasel. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman*, 793 F.2d at 1075. Thus, Plaintiff's claim against Defendant Vasel is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief without leave to amend.

Accordingly, the Court finds that Plaintiff's entire Complaint must be dismissed sua sponte for seeking monetary damages against immune defendants and for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty

1 | percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
2 | each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
3 | ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
4 | ASSIGNED TO THIS ACTION.

     3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

     4.    Plaintiff's Complaint is **DISMISSED** for seeking monetary damages against immune defendants and for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

     Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

     5.    The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED: May 28, 2010

                                **HON. JOHN A. HOUSTON**
                                United States District Judge